**\*\*E-filed 03/08/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SURF AND SAND, LLC,

        Plaintiff,

  v.

CITY OF CAPITOLA, et al.,

        Defendants.
_____/

No. C 09-5542 RS

**ORDER CONTINUING HEARING AND REQUESTING FURTHER BRIEFING**

This is the second of two related actions plaintiff Surf and Sand, LLC has brought seeking some form of relief from the economic loss it contends it has suffered through the application of laws regulating the mobilehome park it owns and operates in the City of Capitola.  In the first action, Surf and Sand contended that its plans to subdivide the park and convert it to resident ownership were thwarted by requirements imposed by Capitola ("*Surf and Sand I*").  The Court ultimately granted a motion to dismiss without leave to amend.  The appeal in *Surf and Sand I* has been heard by the Ninth Circuit, but no decision has yet issued.  In this action, Surf and Sand challenges Capitola's refusal to approve Surf and Sand's application to *close* the park entirely. Under a number of constitutional theories, Surf and Sand seeks damages and/or declaratory or

mandamus relief that would allow it to proceed with the closing of the park on terms acceptable to it.

Defendants' motion to dismiss this action is presently set for hearing on March 11, 2010. The Court previously continued this motion to await the Ninth Circuit decision in *Surf and Sand I*, on the expectation that it might serve as a potential source of guidance on at least some of the issues presented. The Court also solicited the parties' views on the advisability of further continuances, should the Ninth Circuit decision not issue. Although defendants are not opposed to further continuances, Surf and Sand argues that the mere pendency of a potentially instructive opinion is not a sufficient basis for further delay, and that its interests and those of the park residents strongly support going forward as promptly as possible.

The Court intended to honor Surf and Sand's request that the motion go forward at this time even absent a Ninth Circuit decision in *Surf and Sand I*. In preparing for the hearing, however, it became apparent that certain issues warrant further briefing from the parties. Accordingly, the hearing on the motion is hereby continued to April 22, 2010 at 1:30 p.m., and the parties are requested to file supplemental briefs addressing the issues discussed below.

In the order granting the first motion to dismiss in *Surf and Sand I*, the Court rejected any argument that enactment of the Conversion Ordinance was sufficient to revive facial challenges to either the Rent Control Ordinance ("RCO") or the Park Closure Ordinance ("PCO"). Accordingly, the Court concluded that "to the extent the complaint purports to challenge the validity and enforceability of either the RCO or the PCO" such claims had to be dismissed as barred by the statute of limitations. Although it appeared that Surf and Sand was complaining of an injury that arose primarily from the enactment of the RCO and/or the PCO, the Court proceeded on the assumption that a separate claim potentially existed arising from enactment of the Conversion Ordinance that would not be time-barred.

Last year, the Ninth Circuit issued its opinion in *Guggenheim v. City of Goleta*, 582 F.3d 996 (9th Cir. 2009). The *Guggenheim* court found merit in the very argument Surf and Sand makes here (and in the prior case) that in the mobilehome context, rent control effects a transfer of wealth from the landowner to the park tenants. Moreover, *Guggenheim* held that "mere enactment" of rent

control causes the transfer and constitutes the taking for which compensation is payable. The *Guggenheim* plaintiffs, of course, were pursuing a direct facial challenge to an RCO, which in their case happened not to be time-barred. Surf and Sand, in contrast, strenuously argues it is bringing an "as-applied" challenge based on the denial of its closure application.[1] Despite Surf and Sand's characterization of its claims, in light of the *Guggenheim* holding and given the facts Surf and Sand has alleged, it appears that it is seeking to recover for an *injury* suffered upon the enactment of the RCO and/or the PCO. Why then, are not all, or nearly all, of the claims in this action time-barred?

At the heart of Surf and Sand's claim is its contention that the regulatory scheme creates what the Ninth Circuit has sometimes denominated a "premium"— under a RCO, mobilehome sellers are able to charge, and buyers must pay, a premium in excess of the actual value of the mobilehomes, representing the future value of paying below-market rents for the land on which the homes sit. It is the transformation of this value from something the park owners are able to realize and enjoy, into something that passes from tenant to tenant, that constitutes the "taking" found in *Guggenheim* to require compensation. In *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680 (9th Cir. 1993), the court suggested that claims based on such "premiums" are *necessarily* facial challenges to the RCO, because "[i]t is not the particular *application* of the statute that gives rise to the premium; the premium arises solely from the existence of the statute itself." *Levald*, 998 F.2d at 689 (emphasis in the original) (footnote omitted).

The Ninth Circuit subsequently clarified that there may be circumstances in which a plaintiff could plead and prove that a "premium" did not arise from the mere enactment of an RCO, but from subsequent events. *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 656 (9th Cir. 2003). Here, Surf and Sand may be attempting to argue that this is such a case, that the "premium" arose as a result of some combination of the RCO, the PCO, the Conversion Ordinance, and the denial of the closure application. At least so far, however, it does not appear that Surf and

---

[1] Surf and Sand has left somewhat murky (perhaps intentionally so) the question of *which* ordinance or ordinances it contends are unconstitutional "as applied." Presumably Capitola was "applying" the PCO in processing the closure application, rather than either the RCO or the Conversion Ordinance. Obviously Surf and Sand believes it is the cumulative effect of all three that has left it in an untenable position. Nevertheless, it is unclear whether this could legitimately be characterized as an "as applied" challenge to anything other than the PCO.

Sand has presented any facts or arguments that the *premium* did not arise at the time of the RCO and/or PCO, it has only argued that its options for *recovering* the premium only disappeared when the Conversion Ordinance was passed and/or the closure application was denied. Nothing it has argued or alleged to date suggests the facts here are distinguishable from *Guggenheim*, where the Ninth Circuit most recently concluded that "[t]he wealth transfer from the Park Owners to their tenants is a naked transfer accomplished by the mere enactment of the RCO." 582 F. 3d at 1021.

Indeed, from the allegations and arguments presented by Surf and Sand, particularly those regarding the conversion of other parks, there is every reason to believe that Capitola would act expeditiously to facilitate the conversion of the park—or even its closure—were Surf and Sand to present a plan that ensured that the disputed "equity" remains in the hands of the tenants rather than being recovered by Surf and Sand. This further suggests that notwithstanding Surf and Sand's characterization of its claims as arising from application of one or more of the ordinances during the denial of its closure application, the claims actually arise from the enactment of the RCO and/or the PCO.

Defendants' motion to dismiss refers to the Court's conclusion in *Surf and Sand I* that claims arising from enactment of the RCO and PCO are time-barred, but defendants do not appear to argue that virtually all of the present claims fail for that reason, notwithstanding Surf and Sand's characterization of the claims as arising from more recent events. While the Court is entitled to raise statute of limitations concerns *sua sponte*, *Levald*, *supra*, 998 F.2d at 687, it does not wish to decide the question without a full opportunity for the parties to brief these points. Accordingly, no later than March 25, 2010, Surf and Sand may file a supplemental brief, not to exceed 20 pages. No later than April 8, 2010, defendants may file a response, also not to exceed 20 pages.

Finally, it appears that Surf and Sand has made at least some allegations that its closure application was handled in a manner that did not comport with state law, and that there was even fraud involved. Although defendants' motion has presented other reasons it contends such matters do not state a viable claim, such claims likely are not time-barred. What is unclear, however, is whether any such claims, if otherwise viable, would rise to the level of a federal constitutional violation. The parties' supplemental briefing, therefore should also address the question of whether

there would be a basis for federal jurisdiction over any such matters, were the Court to conclude that the primary claims are time-barred for the reasons discussed above.

IT IS SO ORDERED.

Dated: 03/08/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE