UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SURF & SAND, LLC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CAPITOLA, ET AL., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: C 09-05542 RS (PVT) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF SURF & SAND'S MOTION TO COMPEL** <br><br> **[Docket No. 42]** |

**INTRODUCTION**

Plaintiff Surf & Sand, LLC moves for the following: (1) to compel answers at depositions; (2) for a protective order regarding speaking objections and coaching of witnesses during deposition; (3) for an order authorizing further deposition of Robert Begun; and (4) for an award of costs totaling $7,081.16. ("Surf & Sand"). Defendant City of Capitola opposes the motion. ("Capitola"). On October 5, 2010, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, plaintiff Surf & Sand's motion to compel is granted in part and denied in part.[1]

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

ORDER, *page 1*

**BACKGROUND**

Surf & Sand is a rent-controlled mobile home park located in the City of Capitola. It overlooks the Pacific Ocean. Under current rent-control laws, Surf & Sand rents spaces to tenants for $300 a month. Surf & Sand could rent the spaces to tenants for five times that amount on the fair market. It later decided to close the mobile home park and "leave it as bare dirt, with no proposed new use." However, the local city council voted to deny permission to Surf & Sand to close its park on the grounds that its proposed relocation benefits for displaced residents would be inadequate. Surf & Sand alleges that the denial to close its park was improper, and defendant Capitola failed to make any findings regarding what constitutes adequate relocation benefits for displaced mobile home residents.

"In essence, [Surf & Sand] alleges [that Capitola] wants to force the owners of [Surf & Sand] to sell the Park to the tenants for a fraction of the underlying value of the property and that the entire administrative process, including the final decision, was designed from the beginning to prevent closure." Mot. at 2.

Specifically, plaintiff Surf & Sand challenges the administrative process that led the city council to deny it permission to close the mobile home park, and alleges that Capitola violated and disregarded federal and state law, its municipal code, and its own local coastal plan for purely political purposes. Plaintiff Surf & Sand alleges federal claims for private taking, substantive due process, procedural due process, and other claims for fraud, breach of contract, and rescission arising out of a consulting agreement Capitola required to process the closure application. "[T]he City's real purpose was to confiscate the underlying property of [Surf & Sand] from the owners for the benefit of the tenants." Mot. at 4. Finally, plaintiff Surf & Sand alleges that Capitola's actions toward Surf & Sand is disparate from its treatment of city-owned and other tenant-owned mobile home parks and is unrelated to any legitimate state objective. *Id.*

During the course of deposing some city council members, defendant Capitola has asserted certain privileges, including the deliberative process and mental process privileges. Defendant Capitola has also asserted the attorney-client privilege as to discussions held by the city council and its attorneys during closed sessions.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . " Fed. R. Civ. P. 26(b). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "The scope of discovery permissible under Rule 26 should be liberally construed; the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case." *Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A., et al.,* 254 F.R.D. 568, 575 (N.D. Cal. 2008).

In federal question cases, the courts look to federal law to determine whether a privilege applies. *Kenneth Kaufman v. Board of Trustees, et al.,* 168 F.R.D. 278, 280 (C.D. Cal. 1996)(citing *Kerr v. United States District Court Northern District Of California,* 511 F.2d 192, 197 (9th Cir. 1975)). "The rationale of the Court of Appeals in *Kerr* is applicable here. The plaintiff is seeking to enforce a right secured by federal law against a local governmental entity, and to assure plaintiff's ability to prosecute his claims, federal law must be used to determine the existence and scope of any claimed privilege." *Id.* "Apart from not being a privilege recognized under federal law, the Brown Act does not establish an evidentiary privilege at all; rather, it merely permits the withholding of certain information from the public generally." *Id.*

"'Federal common law recognizes the deliberative process privilege.'" *Brian Thomas v. Matthew Cate,* 2010 WL 671254 *2 (E.D. Cal. Feb. 19, 2010)(citing *North Pacifica, LLC v. City of Pacifica,* 274 F. Supp. 2d 1118, 1120 (N.D. Cal. 2003)). "'The deliberative process privilege exempts from discovery information reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which government decisions and policies are formulated." *Id.* (internal citations omitted). "The burden of establishing application of the deliberative process privilege is on the party asserting it." *Id.*

"The deliberative process privilege is a qualified rather than an absolute privilege." *U.S. v. Lawrence K. Irvin,* 127 F.R.D. 169, 172 (C.D. Cal. 1989) (internal citations omitted). "'The primary rationale for the intra-governmental opinion privilege is that effective and efficient governmental

decisionmaking requires a free flow of ideas among government officials and that inhibitions will result if officials know that their communications may be revealed to outsiders.'" *Id.*

"Whether agencies or local legislators are involved, there are two requirements to establish the applicability of the privilege. First, the document or testimony must be pre-decisional- i.e., it must have been generated before the adoption of [a] policy or decision.' Second, the document or testimony 'must be deliberative in nature, containing opinions, recommendations, or advice about . . . policies [or decisions].'" *North Pacifica, LLC v. City of Pacifica,* 274 F. Supp. 2d at 1121.

The court must balance the following factors in determining whether the qualified privilege applies: (1) the interest of the litigants, and ultimately of society, in accurate judicial fact finding; (2) The relevance of the evidence sought to be protected; (3) the availability or unavailability of comparable evidence from other sources; (4) the seriousness of the litigation and the issues involved; (5) the presence of issues concerning alleged governmental misconduct; (6) the role of government in the litigation itself; (7) the possibility of future timidity by government employees; and (8) the federal interest in the enforcement of federal law. *Id.* at 173.

"The mental process privilege is a corollary to the deliberative process privilege that 'protects uncommunicated motivations for a policy or decision.'" *Brian Thomas v. Matthew Cate,* 2010 WL 671254 at *7. "The 'mental process privilege is 'inextricably intertwined' with the deliberative process privilege.'" *Id.* "Like the deliberative process privilege, the mental process privilege must be raised with particularity, and the party asserting the privilege bears the burden of establishing its applicability." *Id.* "Whether the mental process privilege affords broader protection than the deliberative process privilege is unsettled." *Id.* "It is clear, however, that like the deliberative process privilege, the mental process privilege is a qualified one that may be overcome by a litigant." *Id.*

Permissible discovery may be limited by the attorney-client privilege. *Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A., et al.,* 254 F.R.D. at 575. The party asserting the attorney-client privilege bears the burden of proving that it applies. *Pauline Weil, et al. v. Investment/Indicators, Research and Management, Inc., et al.,* 647 F.2d 18, 25 (9th Cir. 1981)(internal citations omitted).

## DISCUSSION

**I.   Deliberative Process and Mental Process Privileges**

As a initial matter, plaintiff Surf & Sand seeks documents or testimony that pre-date Capitola's decision to deny it permission to close the mobile home park. And the documents or testimony are deliberative in nature. Therefore, the two requirements to establish the applicability of the privilege have been met here.

The court then considers the 8 factors set forth above and balances them to determine whether the qualified privilege applies. First, the above-captioned action involves federal constitutional claims, and the federal interest in the enforcement of federal constitutional rights weighs in favor of disclosure. Second, the evidence sought to be protected is relevant. Plaintiff Surf & Sand seeks to determine the background and rationale for the city council to deny its application to close the mobile home park. The evidence is relevant to its constitutional taking, procedural due process, and substantive due process claims. Third, any evidence of discriminatory intent may not be apparent from the administrative record itself. Nevertheless, plaintiff Capitola may also use other sources of circumstantial and direct evidence. *See Village of Arlington Heights, et al. v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 266-268, 97 S.Ct. 555 (1977). Fourth, the allegations here are serious. Plaintiff Surf & Sand has alleged that defendant Capitola has engaged in violations of federal constitutional rights. Fifth, the issues in the case involve allegations regarding decisions made by the city council for the City of Capitola and a challenge to the administrative process used to reach those decisions. As a result, there are issues of alleged government misconduct. Sixth, the City of Capitola is a defendant in the above-captioned action. Seventh, there is no indication that there is a possibility of future timidity by government employees. And eighth, based on the claims alleged there is a federal interest in enforcing federal laws. Therefore, on balance, the court finds that the deliberative process privilege is overcome here. Accordingly, plaintiff Surf & Sand may question city council members regarding their "objective manifestations of the decision-making process." *North Pacifica, LLC v. City of Pacifica, supra,* 274 F. Supp. 2d at 1125.

> For example, NP may ask the City Council members about what they said to others about NP and Condition 13(b), what they heard, what they read, what they were told

and so forth. The Court will not allow NP to inquire as to the City Council members' subjective uncommunicated thoughts. Such inquiry is likely to be obviated to a large extent because NP can explore the objective evidence that surrounded and illuminated the decisionmaking process.

*Id.* at 1125-1126. However, plaintiff Surf & Sand may not question city council members regarding their subjective uncommunicated thoughts.

## II.     Attorney-Client and Work-Product Privileges

Federal common law recognizes the attorney-client privilege. *North Pacifica, LLC v. City of Pacifica, supra,* 274 F. Supp. 2d at 1126. The Ninth Circuit describes it as:

(1) when legal advice of any kind is sought (2) from a professional legal adviser in his ir her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived.

*Id.* "The party asserting the privilege has the burden of establishing all of its elements and, even if established, the privilege is strictly construed." *Id.*

Here, defendant Capitola contends that certain city council meeting sessions are protected by the attorney-client privilege. It states that the sessions were closed because an attorney was present and the discussions involved pending and prospective litigation. Like the discussions in *North Pacifica LLC v. City of Pacifica,* however*,* defendant Capitola has not shown that "all communications during the closed sessions of the City Council, with the presence of legal counsel, are necessarily privileged." *Id.* at 1127.

In reviewing the various city council minutes attached to defendants' request for judicial notice, it appears there were closed sessions held with legal counsel present regarding potential and actual cases. *See, e.g.,* Defendants' Request for Judicial Notice, Exh. A; Plaintiff's Supplemental Request for Judicial Notice, ¶ 1, Exh. 1. Defendant Capitola bears the burden of establishing all of the elements of privilege. At this juncture, it has not met its burden. The city council minutes merely reflect that the city council held closed sessions in a conference with legal counsel regarding existing litigation, including *Surf & Sand, LLC v. City of Capitola*. For example, defendant Capitola must show, *inter alia,* that legal advice was sought, that legal counsel was there and acting in the capacity of a professional legal adviser, that the communications related to that purpose, and that the

communications were made in confidence.  Therefore, plaintiff Surf & Sand may inquire during deposition regarding the closed sessions.  Defendant Capitola may object, and then endeavor to establish all of the elements of privilege.  If plaintiff Surf & Sand believes that the elements have not been met for the closed sessions, it may move to compel further responses at deposition.

### III.     Conduct of Counsel at Deposition

Counsel shall refrain from making speaking objections or engaging in other colloquy.  All objections to the form of a question shall be made on the record by stating "objection, form."  Deposing counsel may ask for clarification of the objection if he or she so chooses.  Otherwise, counsel defending the deposition shall make no further statement about the pending question, nor ask the deposing attorney for clarification.  However, the *deponent* may ask for clarification of any question if in good faith he does not understand any portion of it.  If a question calls solely for privileged information, counsel defending the deposition may instruct the witness not to answer by stating "objection, privilege, I instruct the witness not to answer."  If the full response to a question might include both privileged and unprivileged information, the deponent shall provide only the unprivileged information, if any.  The objection on grounds of privilege shall be preserved *without* being stated on the record.  Further, counsel defending the deposition shall not prompt or "remind" the witness that he is not to disclose attorney-client communications.  All preparation of the witness regarding how to handle questions that may call for both privileged and unprivileged information shall be completed prior to the deposition.  Any objections on the grounds of relevance are preserved for trial and shall not be stated on the record at a deposition.  Any other objections shall be made by stating "objection" and citing the section number of the applicable Federal Rule of Evidence, without further discussion.

### IV.     Further Deposition of Robert Begun

During the course of Robert Begun's deposition, the parties contacted the court to resolve the dispute regarding the various privileges discussed above.  The court sought further briefing from the parties and as a result, the deposition of Mr. Begun was curtailed.  Moreover, the deposition transcript is replete with lengthy objections related to those privileges.  Therefore, it is appropriate to allow plaintiff Surf & Sand with additional time to depose him.  Accordingly, plaintiff Surf & Sand

may depose Mr. Begun for an additional 3 hours.

**V.      Motion for Attorneys' Fees and Costs**

Plaintiff Surf & Sand further moves for an award of attorneys' fees and costs totaling $7,081.16. It estimates that $13,000 is the total amount of attorneys' fees and costs incurred in bringing the above motion. This total amount includes $810.16 for obtaining an expedited deposition transcript for Mr. Begun, and an estimate of $500 for traveling and appearing for the hearing. Plaintiff Surf & Sand "contends that the manner in which the City asserted the objections was improper and unnecessarily interfered with the deposition process." Mot. at 20-21.

As a general matter, a motion for attorneys' fees must be separately filed. *See* Civ. L.R. 7-8(a). Notwithstanding the above, plaintiff Surf & Sand's motion for attorneys' fees and costs is denied.

**CONCLUSION**

For the foregoing reasons, plaintiff Surf & Sand's motion to compel is granted in part and denied in part and the motion for attorneys' fees and costs is denied.

IT IS SO ORDERED.

Dated:   October 28, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge